417 P.2d 795

STATE of New Mexico, Plaintiff-Appellee,

v.

Johnny Henry SERRANO, Defendant-Appellant.

No. 7870.

Supreme Court of New Mexico.

Aug. 29, 1966.

Frazier, Cusack & Schnedar, Roswell, for appellant.

Boston E. Witt, Atty. Gen., Roy G. Hill, James V. Noble, Asst. Attys. Gen., Santa Fe, for appellee.

## OPINION

SPIESS, Judge, Court of Appeals.

The defendant (appellant), Johnny Henry Serrano, was charged by information with the crime of burglary and entered the plea of guilty. Prior to the imposition of sentence the court was asked to suspend, or defer sentence to the end that defendant would be placed upon probation. The request was denied and sentence to the state penitentiary was imposed. This appeal followed.

Two points are relied upon for reversal. First, appellant contends that he was denied an adequate hearing concerning his suitability for probation on the ground that the court declined to hear the testimony of certain witnesses offered in his behalf. The authority of the court to suspend or defer the sentence of one convicted of a crime is conferred by § 40A–29–15, N.M.S.A., 1953, which provides:

"Upon entry of a judgment of conviction of any crime not constituting a capital or first degree felony, any court having jurisdiction when it is satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may either:

"A. enter an order deferring the imposition of sentence; or

"B. sentence the defendant and enter an order suspending in whole or in part the execution of the sentence."

■ Upon deferring or suspending sentence the court is required, in accordance with Section 40A–29–17, N.M.S.A., 1953, to place the defendant upon probation. It is clear that suspension or deferment of sentence is not a matter of right but is an act of clemency and committed to the discretion of the trial court.

See: State of Arizona v. Douglas, 87 Ariz. 182, 349 P.2d 622; Ridley v. Commonwealth of Kentucky, 287 S.W.2d 156 (Ky. 1956); Ex parte Medley, 73 Idaho 474, 253 P.2d 794; People of State of Michigan v. Marks, 340 Mich. 495, 65 N.W.2d 698; State ex rel. Dake v. Alvis, 103 Ohio App. 38, 144 N.E.2d 223; State of Utah v. Sibert, 6 Utah 2d 198, 310 P.2d 388; Hughes v. State of Oklahoma, 346 P.2d 355 (Okl.Cr. App.1959).

■ While in our opinion the statute contemplates that reasonable investigation be made by the court in cases where probation is indicated, no procedure is prescribed for such investigation, nor does the statute specify the character or quantum of evidence necessary to warrant the suspension or deferral of sentence.

It appears from the record that before sentence was imposed, appellant's counsel requested the court to place appellant upon probation. In undertaking to so persuade the court, counsel reviewed appellant's fam-

·ily and scholastic background, stated that a number of persons, including school authorities, were of the opinion that appellant was a proper subject for probation. Testimony of certain witnesses was then offered in support of appellant's request. The court refused to hear testimony stating that a pre-sentence report had been furnished, and thereupon imposed sentence.

■ Appellant's claim of error is apparently based upon the assumption that he was entitled to a trial, or hearing upon his application for suspension, or deferral of sentence and consequently entitled as of right to introduce the testimony of witnesses in his behalf.

The refusal of the trial court to hear the offered testimony, in our opinion, does not justify reversal for the reason that the statute, § 40A–29–15, supra, makes no requirement that the contemplated investigation shall include a trial, or hearing, nor does the statute by implication, or otherwise, grant the defendant the right to introduce testimony in support of his request. See State v. Cohen, 11 Wash.2d 203, 118 P.2d 959.

The further reason preventing reversal is that the information which was intended to be presented to the court by the testimony which appellant offered would have been only cumulative in that the same favorable information had been presented through counsel's statement and the pre-sentence report. Compare Bezemek v. Balduini, 28 N.M. 124, 207 P. 330.

It is next claimed that the denial of probation in this case constituted an abuse of judicial discretion. It is stated by appellant that the court considered only the pre-sentence report and on the basis of such report denied probation. In so stating we assume appellant has considered only certain of the showing contained in the record.

■ The court is at liberty to make any inquiry it feels might assist it in reaching a proper conclusion. We cannot, therefore, assume that the only investigation made by the court is that reflected by the record.

The legislature has not required a specification of reasons for granting or denying probation and no reasons have been given by the court in this case.

In State v. Douglas, supra, the Supreme Court of Arizona, in considering a statute similar to ours, said:

"A careful reading of this provision discloses the Legislature has not required of the trial court that it spell out its reasons for either granting or denying probation. Probably this was because there are so many intangible and imponderable factors entering into such a decision."

An appropriate statement. is contained in State v. Sibert, supra:

"Probation is not a matter of right, and this is so no matter how unsullied a reputation one convicted of crime may be able to demonstrate to the trial judge.

The granting or withholding of probation involves considering intangibles of character, personality and attitude, of which the cold record gives little inkling. These matters, which are to be considered in connection with the prior record of the accused, are of such nature that the problem of probation must of necessity rest within the discretion of the judge who hears the case. This is not to say that if it were clearly shown that the trial judge would have granted probation except for some wholly irrelevant, improper or inconsequential consideration, such refusal might be so capricious and arbitrary as to warrant the conclusion that he did not in fact exercise his discretion and justify a review of his action."

█ Abuse of discretion cannot be presumed but must be affirmatively established. See Hanberry v. Fitzgerald, 72 N.M. 383, 384 P.2d 256. It follows that if the record is silent as to the reasons for a ruling, regularity and correctness are presumed. In Coastal Plains Oil Company v. Douglas, 69 N.M. 68, 364 P.2d 131, we said:

"The ruling of the trial court is presumed valid; and the burden was on appellant to show the manner in which the trial court abused its discretion. We will not substitute our discretion for that of the trial court.

"Upon a doubtful or deficient record, every presumption is indulged in favor of the correctness and regularity of the de-cision of the court below. Hobbs v. Town of Hot Springs, 1940, 44 N.M. 592, 106 P.2d 856; Fisher v. Terrell, 1947, 51 N.M. 427, 187 P.2d 387; and In re Quantius' Will, 1954, 58 N.M. 807, 277 P.2d 306."

In State v. Ellis, 70 Idaho 417, 219 P.2d 953, considering the exercise of judicial discretion in the matter of granting probation, the court said:

"In the case at bar, the record shows that the trial court considered appellant's application for parole but does not disclose any ground or grounds upon which the application was denied. In People v. Jones, 87 Cal.App. 482, 262 P. 361, on page 368, it is said: 'If the record is silent as to the grounds of the ruling, the presumption would be, under the general rule as to presumptions on appeal, that it was founded upon a consideration of the merits of defendant's application, * * *'

"Appellant does not point out how the trial court in any manner acted upon or considered any ground not sanctioned by the law. Appellant merely takes the position that under the showing made and the evidence in the case, the trial court should have exercised its discretion in favor of appellant. It appearing from the record that the trial judge considered the application and nothing appearing to show that he did not exercise his discretion according to the established principles of

**660**

law, we are not at liberty to substitute our own judgment for that of the trial judge and are powerless to interfere with the disposition of the matter as made by the trial court."

We hold that no abuse of judicial discretion has been shown.

For the reasons stated, the judgment and sentence imposed by the court should be affirmed.

It is so ordered.

CARMODY, C. J., and CHAVEZ, J., concur.