487 P.2d 921

**STATE of New Mexico, Plaintiff-Appellee,**
v.
**Billy DODSON, Defendant-Appellant.**
**No. 669.**

Court of Appeals of New Mexico.
July 16, 1971.

John C. Wheeler, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Ethan K. Stevens, C. Emery Cuddy, Jr., Asst. Attys. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

On August 30, 1968, while serving a penitentiary sentence at the Prison Honor Farm in Los Lunas, defendant escaped. He was charged with and arraigned on the crime of escaping from the penitentiary, a second degree felony. On January 15, 1971, an amended information charging escape from a peace officer, a fourth degree felony, was filed against defendant. Defendant pleaded guilty to the fourth degree felony. The trial court after telling defendant he would be subject to further punishment and having satisfied itself that the plea was made voluntarily and intelligently accepted the guilty plea and immediately sentenced defendant to a term of one to five years to commence at the end of the sentence he was then serving.

Defendant appeals contending that " * * * the Trial Court Abused or Failed to Exercise its Discretion in that it Would Neither Hear Arguments Nor Make a Reasonable Investigation Bearing on Whether Sentence Should be Deferred, Suspended [or] Run Concurrent with Existing Sentence."

We affirm.

It is defendant's position that § 40A-29-9, N.M.S.A.1953 (Repl.Vol. 1964) provides that when an inmate is sentenced for a crime such sentence is to run consecutive to the sentence being served *unless the court specifies otherwise*. (Emphasis defendant's). Defendant maintains that the emphasized phrase clearly shows that the court may impose a concurrent sentence, the imposition of which defendant calls "a discretionary duty", and by refusing to hear argument on this matter the trial court failed to exercise its discretion.

Under § 40A-29-15, N.M.S.A.1953 (Repl. Vol. 1964) the sentencing court has discretion to defer or suspend a sentence. Defendant claims the trial court did not exercise its discretion under this section. Defendant also claims that the trial court did not exercise its discretionary duty under § 41-17-23, N.M.S.A.1953 (Repl.Vol. 1964) to determine whether a pre-sentence report should be obtained.

It is defendant's claim that the fact situation in this case differs from State v. Serrano, 76 N.M. 655, 417 P.2d 795 (1966). However, *Serrano* states:

"The refusal of the trial court to hear the offered testimony, in our opinion, does not justify reversal for the reason that the statute, § 40A-29-15, supra, makes no requirement that the contemplated investigation shall include a trial, or hearing, nor does the statute by implication, or otherwise, grant the defendant the right to introduce testimony in support of his request. * * * "

Defendant also urges that this case differs from State v. Follis, 81 N.M. 690, 472 P.2d 655 (Ct.App.1970) in that we did not know the reason for the court's refusal to consider the defendant for probation in that case; but here we have an erroneous reason. Defendant urges that the reason was shown in the following comment made by the trial court:

"THE COURT: I am sorry, the Court will make no change. The penitentiary officials will not permit and do not take a recommendation for the sentence to run concurrently. If they did, all these people could escape. That is the sentence of the Court. That is all."

Defendant would have us hold that the above post-sentencing statement is the court's reason for not hearing argument for making investigation on the nature of the sentence on defendant. Other than defendant's mere assertion, we have no indication that the post-sentence statement was the sole basis for the court's action. Accordingly, we need not determine the legal correctness of the post-sentencing statement or whether the court's consideration of the views of penitentiary officials was proper. The court is at liberty to make any inquiries that might assist it in making a decision about sentencing. We do not assume that the only investigation made is reflected by the record. State v. Serrano, supra. Defendant has failed to show that the trial court either failed to exercise its discretion or abused its discretion in rejecting defendant's request for "an opportunity to argue to the judge as to the nature of the sentence." Defendant having failed to affirmatively show either a failure to exercise discretion, or its abuse, regularity and correctness are presumed. State v. Follis, supra; State v. Serrano, supra.

Affirmed.

It is so ordered.

WOOD and SUTIN, JJ., concur.