509 P.2d 1342

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Thomas HEYWOOD, Defendant-Appellant,**

**No. 1089.**

Court of Appeals of New Mexico.

April 13, 1973.

Certiorari Denied May 14, 1973.

Thomas E. Horn, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Jay F. Rosenthal, Special Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

LOPEZ, Judge.

The defendant pleaded guilty to unlawful possession of a controlled substance, to-wit: heroin, contrary to § 54–11–23, N.M.S.A.1953 (Int.Supp.1972). Defendant was sentenced to the New Mexico State Penitentiary for the term of not less than one year nor more than five years. The defendant appeals from the judgment and the sentence of the district court.

We affirm.

Defendant's only point for reversal is: that the court's remarks at sentencing indicated that improper and prejudicial matters were considered and the case should be remanded on the issue of sentencing.

The transcript reveals the following colloquy between the court, the defense counsel and the assistant district attorney at the time of sentencing:

"MR. WILLIAMS: This is Cause No. 22686, in which Mr. Heywood entered a plea of guilty to unlawful possession of a controlled substance, to-wit: Heroin. He's up for sentencing.

"THE COURT: Where is your lawyer?

"MR. WILLIAMS: Here. He's Mr. Horn.

"THE COURT: You're having entered a plea of guilty in this case, it is my duty to pronounce sentence. Is there anything either you or your attorney wishes to state before the Court pronounces sentence?

"MR. HORN: Yes, sir, I would like to say a couple of words, if I may. Your Honor, this man has been in jail for five months now. He was never able to make bond. He spent five months in jail already on a charge that carries a penalty of one to five.

He's had a narcotic problem for, well, since he was sixteen years old and he's been interviewed extensively by Mr. Swanson, here, of La Llave and also by the authorities from the Nara III. The authorities from Nara III are also here this morning and both programs seem to think that this is a type of individual that could be responsive to the type of program they have to offer, this is what his problem is. In light of the fact he's been in jail for five months already on a charge that carries a one to five and the fact that both the Nara III and La Llava [sic] people think this is a suitable candidate for their program, we would request the Court consider sending him—

"THE COURT: You say he served time for another offense?

"MR. HORN: No, sir. He has been incarcerated on this charge for five months.

"THE COURT: But actually he was selling heroin in this case. That's what he was charged with.

"MR. HORN: That was the original charge.

"THE COURT: Well, that's what he did. He had it in his possession but—

"MR. HORN: I think the charge being possession, is, of course, what we're here for.

"THE COURT: I'll tell you what, I don't think I want to hear anything from La Llave on this matter. Anybody selling this stuff, as far as I'm concerned, has no business at La Llave. What they're doing is destroying the whole social status of the children they're dealing with and they're usually doing it with young people. It's the sentence of the Court he serve not less than one nor more than five years in the State Penitentiary. Of course, the time he served in jail, he'll be given credit for.

"MR. HORN: For the record, I would like to make an objection for the Court sentence for sale on a charge of possession.

"THE COURT: That's the sentence of the Court."

The defendant contends that the court took into consideration, the original charge of selling heroin, in sentencing the defendant for possession of heroin. The defendant further contends that the court, by its remarks, indicated that it was the defendant's sale of heroin that persuaded the court not to give a suspended sentence and that the court's remarks were prejudicial to the defendant. We disagree with the defendant.

At the time that the defendant pleaded guilty the following colloquy took place between the court, the assistant district attorney, and the defendant's counsel:

"MR. SHORT: Your Honor, if the Court please, this is Criminal Cause Number 22686, State of New Mexico versus Thomas Heywood, aka Flako, f–1–a–k–o.

"DEFENDANT: C–o.

"MR. SHORT: F–1–a–c–o.

"THE COURT: That means 'thin'.

"MR. SHORT: This is an information filed by the District Attorney's office wherein the State of New Mexico accuses Thomas Heywood, aka Flaco, of unlawful possession of a controlled substance, to-wit, heroin, contrary to Section 54–11–23, New Mexico Statutes Annotated 1953 Compilation as amended.

How do you plead to these charges?

"MR. HORN: If it please the Court, prior to entering a plea, I would like to state for the record in open court that the defendant waives his right to have this presented to a Grand Jury, waives a preliminary hearing and is prepared to proceed immediately on a plea to the information.

"THE COURT: Is this a felony?

"MR. SHORT: Yes, Your Honor, one to five.

"THE COURT: Have you explained all of his rights to him?

"MR. HORN: Yes, Your Honor, I have.

"THE COURT: I want to do it so there will be no doubt about it. Do you understand you are entitled to a jury trial in this case?

"DEFENDANT: Yes, sir.

"THE COURT: Do you understand that if you plead guilty, you may be sentenced to the State Penitentiary, this being a felony, do you understand that?

"DEFENDANT: Yes, sir."

The present case is controlled and disposed of by State v. Serrano, 76 N.M. 655, 417 P.2d 795 (1966) and State v. Dodson, 83 N.M. 11, 487 P.2d 921 (Ct.App.1971). In State v. Serrano, supra, the Supreme Court stated as follows:

" . . . suspension or deferment of sentence is not a matter of right but is an act of clemency and committed to the discretion of the trial court.

" . . .

"The court is at liberty to make any inquiry it feels might assist it in reaching a proper conclusion. We cannot, therefore, assume that the only investigation made by the court is that reflected by the record.

" . . .

"Abuse of discretion cannot be presumed but must be affirmatively established. . . . It follows that if the record is silent as to the reasons for a ruling, regularity and correctness are presumed. . . . "

■ It is of the opinion of this court that the matter of sentencing within the limits of the law is peculiar to the trial judge and will not be reviewed by this court unless dictated by passion, prejudice, ill-will, or some other unworthy motive. State v. Baca, 84 N.M. 513, 505 P.2d 856 (Ct.App.

1973); Mahoney v. State, 13 Md.App. 105, 281 A.2d 421 (1971).

█ The sentence imposed in this case was well within the limits of the statute, and we cannot say on the record before us, that the sentence and judgment of the court was motivated by passion, ill-will, prejudice or some other unworthy motive.

The judgment and sentence of the court is affirmed.

It is so ordered.

HENDLEY and SUTIN, JJ., concur.