513 P.2d 1266

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Robert ATENCIO, Defendant-Appellant.**

*No. 1119.*

Court of Appeals of New Mexico.

July 18, 1973.

Certiorari Denied Aug. 13, 1973.

Harold H. Parker, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Ronald Van Amberg, Randolph B. Felker, Asst. Attys. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

SUTIN, Judge.

Defendant was convicted of possession of heroin with intent to distribute it. Section 54–11–20(A)(3), (B), N.M.S.A. 1953 (1972 Int.Supp.). He appeals. We affirm.

Defendant was charged with "Trafficking in a Controlled Substance, to-wit: Heroin, contrary to Chapter 84, New Mexico Laws 1972"; that defendant "did possess with intent to distribute a controlled substance, to-wit: heroin." The particular section of the Controlled Substances Act violated was not stated.

A. *Defendant was properly charged.*

Section 54–11–20(A)(3), (B) provides that it is unlawful for any person to intentionally possess "with intent to distribute any controlled substance enumerated in Schedules I or II which is a narcotic drug." Schedule I(B)(10) lists "heroin".

Section 54–11–22(A) provides in part:

. . . [I]t is unlawful for any person to intentionally distribute or possess with intent to distribute a controlled substance *except a substance enumerated in Schedules I or II which is a narcotic drug.* [Emphasis added]

This section provides for unlawful conduct in which other controlled substances are involved exclusive of narcotic drugs enumerated in Schedules I and II.

Defendant contends that the emphasized language means "that it is unlawful to possess with intent to distribute a controlled substance in Schedule I *except* a narcotic drug . . . . What the Defendant in this case clearly did was not a crime." We cannot agree.

The word "except" as used in the above section means "exclude". Webster's Third New International Dictionary Unabridged, at 791 (1966); Rickman v. Com-

monwealth, 195 Ky. 715, 243 S.W. 929 (1922).

The "except" language "excludes" a narcotic drug such as heroin enumerated in Schedule I. There is no conflict between the two sections, supra. Defendant was properly charged under § 54–11–20(A)(3), (B).

B. *Heroin was a narcotic drug.*

Defendant contends "[T]here was no proof . . . that the heroin was a narcotic drug as is defined in the Controlled Substances Act".

Section 54–11–2(P) defines "narcotic drug" as follows:

P. "Narcotic drug" means . . .

(1) opium and opiate, and any salt, compound, derivative or preparation of opium or opiate;

Schedule I, § 54–11–6(B)(10) lists heroin as an opium derivative.

Proof that tests were made to show that the substance possessed by defendant was heroin, was sufficient proof that heroin was a narcotic drug. The burden of proof is on the defendant, not the State, to prove that the substance identified as heroin was not a narcotic drug as an exemption or exception. Section 54–11–36. No such proof was made by defendant. United States v. Rowlette, 397 F.2d 475 (7th Cir. 1968).

C. *The Controlled Substances Act is constitutional.*

Defendant contends §§ 54–11–20 through 54–11–25 which define unlawful activities and provide penalties are unconstitutional because "unlawful activities" are not mentioned in the title of the Act. N.M.Const. art. 4, § 16. We find no merit to this contention. City of Albuquerque v. Garcia, 84 N.M. 776, 508 P.2d 585 (1973).

D. *The sentence imposed is not subject to appeal.*

Defendant was sentenced for a term of not less than ten years nor more than fifty years for a second degree felony set forth in § 54–11–20(B). In orally imposing the penalty, the trial court said:

. . . [U]nder this new law, the sentencing is mandatory on the part of the Court . . . . I will impose the statutory and mandatory penalty of ten to fifty years in the penitentiary.

The defendant contends this case should be returned to the trial court for a redetermination of the sentence since the judge believed he had no discretion and could not suspend adoption of the sentence or defer sentence or put defendant on probation.

Section 40A–29–3(B), N.M.S. A.1953 (2nd Repl.Vol. 6) provides the penalty for a crime constituting second degree felony. It is not a "mandatory penalty" because it does not prohibit suspension of sentence or probation. Jones v. United States, 419 F.2d 593 (8th Cir. 1969). The trial judge had discretionary authority to defer imposition of the sentence, suspend the sentence in whole or in part or to seek a report as to what disposition appears best. Section 40A–29–15, N.M.S.A.1953 (2nd Repl.Vol. 6). If sentence was deferred or suspended, the trial court must order the defendant placed on probation. Section 40A–29–17, N.M.S.A.1953 (2nd Repl.Vol. 6); State v. Serrano, 76 N.M. 655, 417 P.2d 795 (1966).

The trial court, however, did not state that it had no discretion, or no power, to defer or suspend the sentence or put the defendant on probation. Although the language used was erroneous, the trial court did not abuse its discretion. *Serrano,* supra.

Furthermore, an oral statement by the trial court after conviction before judgment and sentence is not binding. It is merely evidence of what the trial court decided to do—a decision that the trial court can change at any time before the entry of the judgment and sentence. State v. Dodson, 83 N.M. 11, 487 P.2d 921 (Ct. App.1971). Defendant was convicted July 6, 1972 and judgment and sentence entered July 11, 1972. The question of "mandatory

penalty" was not raised before or after judgment and sentence. Not having been raised in the trial court, it cannot be raised for the first time on appeal.

Other points raised do not require discussion.

Affirmed.

It is so ordered.

HENDLEY and LOPEZ, JJ., concur.