575 P.2d 609

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Daniel Alfonso MONTOYA, Defendant-Appellant.**

**No. 3345.**

Court of Appeals of New Mexico.

Jan. 17, 1978.

Rehearing Denied Jan. 30, 1978.

Writ of Certiorari Denied Feb. 27, 1978.

William D. Teel, Acting Chief Public Defender, Alice G. Hector, Dist. Public Defender, Mark H. Shapiro, Asst. App. Defender, Albuquerque, for defendant-appellant.

Toney Anaya, Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Defendant was convicted of residential burglary. Our calendar assignment proposed summary affirmance. Defendant's memorandum opposes summary affirmance as to one issue. That issue involves the presentence report. The presentence report includes a listing of defendant's arrests which did not result in convictions. Defendant claims the inclusion of such arrests violated due process. Defendant's memorandum states that subsequent to filing the docketing statement the trial court denied defendant's motion to reconsider the sentence and, in so ruling, stated "that he had taken everything in the presentence report into account both in determining sentence

and in denying the motion to reconsider." We consider two issues: (1) inclusion of the arrest record in the presentence report, and (2) consideration of the arrest record.

*Inclusion of the Arrest Record*

Section 41–17–23, N.M.S.A. 1953 (2d Repl.Vol. 6) states that a presentence report "shall include such information as the court may request." Thus, there are no statutory limitations upon the contents of the report.

*Williams v. New York*, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949) points out that the task of the sentencing judge, once the defendant has been found guilty, is to determine the type and extent of punishment. *Williams* states:

Highly relevant—if not essential—to his selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics.

The presentence report in *Williams* referred to burglaries of which defendant had not been convicted which were "material facts concerning appellant's background".

Defendant is not contending that criminal *convictions* should not be included in the presentence report. See *State v. Helm*, 79 N.M. 305, 442 P.2d 795 (1968). His claim is that *arrests* not resulting in convictions should not be included. The decisions on which he relies do not involve inclusion of the arrest information in the presentence report; rather, these decisions go to the *use* of the arrest information. Defendant also relies on the commentary to ABA *Standards Relating to Probation* § 2.3 (1970) which recommends that the prior criminal record (a part of the presentence report) should include only charges which have resulted in conviction. The reason given for excluding arrests is that they can be "extremely misleading". This again goes to the use made of the arrest information.

The "fullest information possible concerning defendant's life and characteristics" includes information concerning defendant's arrest record. Inclusion of this information in a presentence report does not violate due process. *Williams v. New York*, supra.

*Consideration of the Arrest Record*

*Williams v. New York*, supra, indicates that a sentencing judge has wide discretion in the sources and types of information used in determining the punishment to be imposed. See *State v. Serrano*, 76 N.M. 655, 417 P.2d 795 (1966); *State v. Heywood*, 85 N.M. 147, ·509 P.2d 1342 (Ct.App.1973).

Defendant contends the discretion accorded to the sentencing judge in *Williams v. New York*, supra, was made subject to due process considerations by *Gardner v. Florida*, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977). Whether or not *Gardner* is read as imposing *new* due process requirements, the discretion of the sentencing judge in New Mexico has always been subject to the requirements of due process. *State v. Madrigal*, 85 N.M. 496, 513 P.2d 1278 (Ct.App. 1973); see *State v. Serrano*, supra. Thus Rule of Crim.Proc. 56 states:

Pre-disposition report procedure

(a) *Ordering the Report.* The court may order a pre-disposition report at any stage of the proceedings.

(b) *Inspection.* The report shall be available for inspection by only the parties and attorneys by the date specified by the district court, and in any event, no later than two [2] working days prior to any hearing at which a sentence may be imposed by the court.

(c) *Hearing.* Before a sentence is imposed, the parties shall have an opportunity to be heard on any matter concerning the report. The court, in its discretion, may allow the parties to present evidence regarding the contents of the report.

We are not concerned in this case with the use of information in a presentence which defendant had "no opportunity to deny or explain." *Gardner v. Florida*, supra. Nor are we concerned with inaccurate information in the presentence report which was used by the sentencing judge. *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972). Nor is there a claim that the sentencing judge misread the information in the presentence report. *Townsend v. Burke*, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948).

Defendant's claim is that due process is violated if the sentencing judge considers accurate information that defendant had had a number of arrests which *did not* result in convictions. See Annot., 96 A.L. R.2d 768, § 7(d) at 793 (1964).

Illinois has distinguished between consideration of arrest records in imposing sentence and in granting or refusing probation. *People v. Young*, 30 Ill.App.3d 176, 332 N.E.2d 173 (1975); *People v. Taylor*, 13 Ill.App.3d 974, 301 N.E.2d 319 (1973). We do not think such a distinction is appropriate. Minimum-maximum penitentiary terms are mandatory in New Mexico. *State v. Romero*, 73 N.M. 109, 385 P.2d 967 (1963). However, the trial court has statutory authority either to defer or suspend the sentence for most crimes. Section 40A–29–15, N.M.S.A. 1953 (2d Repl.Vol. 6). If consideration may be given to arrest records in determining whether to suspend the sentence imposed, *People v. Young*, supra, we see no reason why such records may not be considered in determining whether to impose or defer sentence. Thus our decision draws no distinction between considering arrest records in imposing sentence, in suspending a sentence, or in deferring a sentence.

There are two answers to defendant's due process claim.

■ First, defendant does not claim that the sentencing judge was in anyway misled when he considered defendant's arrests which did not result in convictions. Since these were arrests and not convictions, and since the sentencing judge was aware of this, there is no basis for holding this information was misused. In this situation the presumption is that the trial court used this information with "regularity and correctness". *State v. Serrano*, supra.

■ Second, the arrest records were relevant. The presentence report shows four prior felony convictions—in 1959, 1963, 1964 and 1972. The report also shows convictions for minor offenses such as petty larceny, carrying a concealed deadly weapon,

shoplifting and possession of marijuana. The arrests not resulting in convictions are interspersed among the foregoing convictions. These arrests, interspersed as they are among the numerous convictions (both major and minor offenses), could properly be considered since the presentence report also shows a long standing use of heroin and "many arrests due to his heroin problem." The arrests, not leading to convictions, were properly considered by the sentencing judge because they are part of defendant's pattern of conduct.

A defendant's record of arrests, without convictions, may be highly relevant in determining the type and extent of punishment. Defendant is given the opportunity to be heard on the accuracy of the arrest record. Rule of Crim.Proc. 56. A defendant is not deprived of due process if the sentencing judge considers accurate arrest information relevant to the question of punishment.

The judgment and sentence are affirmed.

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur.