813 P.2d 1013

**Paul J. MITCHELL, Petitioner,**

v.

**COUNTY OF LOS ALAMOS,
Respondent.**

No. 19377.

Supreme Court of New Mexico.

July 2, 1991.

Jacquelyn Robins, Chief Public Defender, Sheila Lewis, Asst. Appellate Defender, Santa Fe, for petitioner.

Sandra E. Rotruck, Asst. County Atty., Los Alamos, for respondent.

## OPINION

FRANCHINI, Justice.

■ In this case we consider whether an indigent criminal defendant may be barred from appeal because he has failed to post an appeal bond as required by NMSA 1978, Section 35–15–7(A) (Repl.Pamp.1988). Because an opposite result would not comport with the Constitutions of the United States and the State of New Mexico, we hold that the right of an indigent defendant to an appeal cannot be conditioned upon the bonding requirement of Section 35–15–7(A).[1]

Appellant Mitchell was convicted in Los Alamos County Municipal Court of driving while intoxicated. Prior to trial, Mitchell was found indigent and the municipal court had entered an order of free process on his behalf. Upon Mitchell's conviction, the municipal court set an appeal bond in the amount of $200.00 pursuant to Section 35–15–7(A).

Mitchell objected to the imposition of the appeal bond on constitutional grounds. Subsequently, the municipal court amended the order setting bond. The amended order set the appeal bond at $60.00, the amount Mitchell had previously posted for release, conditioned on Mitchell obtaining a pre-sentence evaluation within twenty-one days. Alternatively, the amended order continued the appeal bond at $200.00 if the pre-sentence evaluation was not obtained.

Mitchell neither obtained the evaluation nor posted the bond. The County then moved the district court to dismiss Mitchell's appeal and remand to municipal court for enforcement of its judgment and sen-

---

1. Section 35–15–7(A) provides:

    An appeal from the municipal court is taken by filing with the clerk of the district court a notice of appeal. When the defendant takes an appeal, the notice of appeal shall be ac-companied by a bond to the municipality in the sum, and with the conditions, fixed by the municipal judge as sufficient to secure the appearance of the defendant.

tence. The basis of the County's motion for dismissal was that the appeal bond was jurisdictional, and Mitchell's failure to post the bond deprived the district court of jurisdiction on appeal. The district court granted the County's motion. Mitchell appealed the remand, and in a memorandum opinion the court of appeals affirmed.

We issue our writ of certiorari to the court of appeals to review: (1) whether the right of an indigent defendant to an appeal can be conditioned upon the bonding requirement of Section 35–15–7(A); and (2) whether the trial court could properly condition defendant's right to appeal on his obtaining a pre-sentence evaluation.

The court of appeals relied on *Lea County State Bank v. McCaskey Register Co.,* 39 N.M. 454, 49 P.2d 577 (1935), for the proposition that a party desiring to appeal must perform all of the acts required of him by the statute creating the right to transfer jurisdiction of the cause to the superior court before the appeal will be perfected and the higher court takes jurisdiction. Initially, we observe that *Lea County* dealt with the perfection of an appeal in a civil matter. While we acknowledge the validity of the proposition that statutorily required acts must be completed to perfect an appeal, we also recognize that the United States and New Mexico Constitutions will not tolerate the proposition that poverty can act as a barrier denying indigent defendants access to appellate courts.

In the years that have elapsed since *Lea County* was decided, the due process and equal protection clauses of the fourteenth amendment to the United States Constitution have been interpreted to insure that if a state does provide appellate process, that process must be available to all criminal defendants. *Ross v. Moffitt,* 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974); *Burns v. Ohio,* 360 U.S. 252, 79 S.Ct. 1164, 3 L.Ed.2d 1209 (1959). "The imposition by the State of financial barriers restricting the availability of appellate review for indigent criminal defendants has no place in our heritage of Equal Justice Under Law." *Id.* at 258, 79 S.Ct. at 1168.

Moreover, the *Lea County* decision must be considered in light of the 1965 amendment to the New Mexico Constitution which provides that "an aggrieved party shall have an absolute right to one appeal." N.M. Const. art. VI, § 2. Imposition of an appeal bond that deprives an indigent criminal defendant initial access to the appellate process is contrary to the language of our state constitution. Accordingly, we distinguish this case from *Lea County* and hold that the right of an indigent defendant to an appeal cannot be conditioned upon the bonding requirement of Section 35–15–7(A).

The municipal court's amended order provided an alternative essentially requiring a cash appeal bond in an amount already posted, together with the condition that Mitchell obtain a pre-sentence evaluation. Mitchell argues that participating in the pre-sentence evaluation effectively would require waiving his fifth amendment right to remain silent while he was in the process of seeking a de novo review of his conviction in district court.

A pre-sentence report has been characterized as a "statement" and can include defendant's statements regarding the underlying criminal offense. *State v. Wilson,* 97 N.M. 534, 641 P.2d 1081 (Ct.App.1982). The report can include "such information as the court may request." NMSA 1978, § 31–21–9(A) (Repl.Pamp.1990). *See also State v. Montoya,* 91 N.M. 425, 575 P.2d 609, *cert. denied,* 91 N.M. 491, 576 P.2d 297 (1978) (there are no statutory limitations upon the contents of a pre-sentence report).

▮ We find that conditioning an indigent·defendant's right to appeal on obtaining a pre-sentence evaluation violates the spirit of *Ross* and *Burns* by requiring him to participate in a potentially self-incriminating procedure due to his inability to post an appeal bond. Once established, avenues of appellate review "must be kept free of unreasoned distinctions that can only impede open and equal access to the courts." *Rinaldi v. Yeager,* 384 U.S. 305, 310, 86 S.Ct. 1497, 1500, 16 L.Ed.2d 577 (1966). The municipal court was entitled to order a pre-sentence evaluation of Mitchell follow-

ing his conviction. NMSA 1990, § 31–21–9. However, an indigent defendant's right to appeal cannot be conditioned on obtaining such an evaluation.

We reverse the court of appeals and remand this case to that court with instructions to reinstate defendant's appeal.

IT IS SO ORDERED.

RANSOM and MONTGOMERY, JJ., concur.