This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                                                    **No. 35,188**

**JEFFREY BLAND,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**James Waylon Counts, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Todd B. Hotchkiss, Attorney at Law, LLC
Todd B. Hotchkiss
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

{1}     Defendant appeals from the district court's judgment, sentence, and order partially suspending sentence, entered following his plea of no contest to two counts of fraud (over $20,000), a second degree felony, and two counts of securities fraud, a third degree felony. This Court issued a calendar notice proposing summary affirmance. Defendant filed a memorandum in opposition to this Court's notice of proposed disposition that we have duly considered. Unpersuaded, we affirm.

{2}     Defendant contends that the district court erred by not considering mitigating evidence prior to sentencing. [DS 20-22; MIO 10] Specifically, Defendant contends that the district court abused its discretion when it did not read or consider thirty-eight of the forty letters submitted by Defendant to the court in advance of his sentencing hearing. [DS 6, 20; MIO 10]

{3}     As a prefatory matter, we note that a party responding to a proposed disposition of this Court must point out specific errors in fact or law. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). In response to this Court's calendar notice, defense counsel has restated the facts and proceedings that were already presented to this Court in Defendant's docketing statement. [MIO 1-9; DS 2-19] The facts included in the memorandum in opposition do not appear to include any

new information as compared with the facts and proceedings described in Defendant's docketing statement, and counsel has not pointed out whether any of the facts asserted are contrary to those relied on by this Court in our notice of proposed disposition. We remind counsel that the repetition of material that has already been presented to the Court, with no indication as to which parts, if any, contradict the facts relied upon by the district court or this Court or which parts, if any, are responsive to the notice of proposed disposition, is unnecessary and creates additional work for both this Court and the parties. We request that counsel refrain from this practice in any future pleadings he may file with this Court.

{4} With respect to Defendant's issue on appeal—that the district court abused its sentencing discretion when it did not read thirty-eight letters submitted by Defendant—we recognized in our notice of proposed disposition that NMSA 1978, Section 31-18-15.1(A) (2009), requires that "[t]he court shall hold a sentencing hearing to determine if mitigating or aggravating circumstances exist and take *whatever evidence or statements it deems will aid it in reaching a decision to alter a basic sentence*." (Emphasis added.) [CN 4-5] We then noted that it appeared the district court held a two-and-a-half-hour sentencing hearing, at which time it took into consideration: (1) Defendant's sentencing memorandum, which provided background on Defendant, outlined his health issues, summarized the thirty-eight letters from his

friends and family as "prais[ing Defendant's] character as a selfless, honorable, eager to assist man who has dedicated his life to the service of others" and stated that "each of the letter writers discuss[es] their strong admiration, respect, and love for [Defendant] as they are each discussing the individual ways in which [Defendant] has helped each of them, personally and significantly" [CN 3-4]; (2) argument of defense counsel, directed at showing the district court that Defendant "is of high moral character[,]" a religious man, with the love of highly educated people, as well as directed at highlighting Defendant's medical issues and Defendant's desire and efforts to pay the victim back [CN 4]; and (3) testimony by Defendant and his wife. [CN 4] We also observed in our calendar notice that it appeared that defense counsel touched on some of the letters specifically during his argument, describing for the district court the contents of a letter from Defendant's pastor and letters from Dr. Randy Lee, Patricia Hodgins, and Kent Mikkelsen. [CN 4]

{5} Defendant continues to argue that—despite the mitigation evidence presented to the district court through the sentencing memorandum, argument of counsel, and Defendant's allocution—the district court did not fulfill its duty to consider mitigating evidence. [MIO 17] *See State v. Sotelo*, 2013-NMCA-028, ¶ 45, 296 P.3d 1232 (holding that the district court has an obligation to consider mitigating factors in sentencing). In essence, Defendant claims that the district court's failure to read each

4

and every letter submitted by him equates to a failure to consider mitigating circumstances. [MIO 17] Notably, however, Defendant does not address in his memorandum in opposition the distinction we observed in our calendar notice between the present case and *Sotelo*, a case in which the court did not consider any mitigation evidence whatsoever. [CN 3] Furthermore, we also note that Defendant has not provided us with authority to support his position. Where a party cites no authority to support an argument, the appellate courts may assume no such authority exists. *In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329.

{6}      Instead, in his memorandum in opposition, Defendant relies in large part on due process and generalized notions of fairness to support his contention that the district court was obligated to read each and every letter submitted by him prior to imposing sentence. [*See generally* MIO 14-22] At the outset, we agree with Defendant that "the discretion of the sentencing judge in New Mexico has always been subject to the requirements of due process." [MIO 15 (quoting *State v. Montoya*, 1978-NMCA-009, ¶ 7, 91 N.M. 425, 575 P.2d 609)] However, we are not convinced that the district court's sentencing in this case was unfair to Defendant or otherwise violated due process. *See State v. Wildgrube*, 2003-NMCA-108, ¶¶ 39, 41, 134 N.M. 262, 75 P.3d 862 (stating that due process at sentencing requires notice and a meaningful opportunity to be heard). As we have noted in our calendar notice and throughout this

5

Opinion, Defendant was given a two-and-a-half-hour sentencing hearing at which he had the opportunity to speak to the district court on the issue of his sentencing; the district court read and considered Defendant's sentencing memorandum containing mitigating circumstances such as his health, his character, and his desire and efforts to make the victim whole; the district court read and considered letters from Defendant and his wife; the district court heard and considered the testimony of Defendant's wife; and defense counsel had the opportunity to make a sentencing argument, and took advantage of that opportunity throughout the two-and-a-half-hour hearing; and finally, the basic substance of the thirty-eight unread letters was presented to the district court through the sentencing memorandum and argument of counsel. In light of the foregoing, we are equally unpersuaded that Defendant has demonstrated that he was prejudiced by the district court's failure to read each and every letter. *See State v. Gardner*, 2003-NMCA-107, ¶ 42, 134 N.M. 294, 76 P.3d 47 (holding that a defendant's sentence will not be overturned for a claimed due process violation unless the defendant demonstrates that he or she was prejudiced by the procedure employed by the sentencing court).

{7}     We are similarly not convinced by the out-of-jurisdiction case law cited in Defendant's memorandum in opposition. [*See generally* MIO 18-22] We note that the cases cited are inapposite to the issue in the present case, in that those cases dealt with

situations wherein the lower court was not aware of even the substance of the letters at issue, and in fact, in some of the cases the letters had not yet been collected by the defense. Hence, we are not persuaded by those cases that the district court erred in the present case. *See Fernandez v. Farmers Ins. Co. of Ariz.*, 1993-NMSC-035, ¶ 15, 115 N.M. 622, 857 P.2d 22 ("[C]ases are not authority for propositions not considered." (internal quotation marks and citation omitted)).

**{8}** To the extent that Defendant is arguing in his memorandum in opposition that a comment by the district judge during Defendant's sentencing hearing that his father "never recovered from losing his retirement savings in the stock market" should be a factor to consider in determining the fairness of the sentencing proceeding in light of the fact that the court did not read the thirty-eight letters [MIO 22-23]—a point not raised in Defendant's docketing statement—we note that aside from an inapposite out-of-jurisdiction case, Defendant has provided this Court with no authority to support his position that the district court's single statement provides a basis for reversal on abuse of discretion grounds. Therefore, we are not persuaded by Defendant's contention. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2 (stating that where a party cites no authority to support an argument, the appellate courts may assume no such authority exists).

{9}     Finally, as we noted in our calendar notice, although Defendant was ultimately sentenced to three years of incarceration, as opposed to the fully probated sentence he requested, "there is no abuse of discretion when mitigating circumstances are considered and rejected." [CN 5] *Sotelo*, 2013-NMCA-028, ¶ 45. Consequently, under the circumstances of this case, we are not convinced that the district court abused its sentencing discretion by failing to read each and every letter submitted by Defendant.

{10}     Therefore, for the reasons stated in this Opinion, as well as those provided in our calendar notice, we affirm.

{11}     **IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**


_____
**TIMOTHY L. GARCIA, Judge**


_____
**M. MONICA ZAMORA, Judge**