(No. 2369.   March 18, 1920.)

# RAVANY et al. v. EQUITABLE LIFE ASSUR. SOC. OF UNITED STATES.

### SYLLABUS BY THE COURT.

Section 27, c. 43, Laws 1917, construed, and held, that a judge of a district court, designated by the Chief Justice of the Supreme Court to settle and sign the bill of exceptions in a given case, is the judge of the district court of the county

for that purpose, and is authorized to settle and sign the bill of exceptions. Ross v. Berry, 16 N. M. 778, 120 Pac. 309, overruled.

Appeal from District Court, Bernalillo County; Raynolds, Judge.

Action by Joseph Ravany, Adm'r, and Elvina Ravany, by her guardian ad litem, H. B. Jamison, against the Equitable Life Assurance Society of the United States. Judgment for defendant, and plaintiffs appeal. On motion to strike bill of exceptions. Motion denied.

E. R. WRIGHT, of Santa Fe, and H. B. JAMISON, of Albuquerque, for appellants.

E. W. DOBSON, of Albuquerque, for appellee.

### OPINION OF THE COURT.

PARKER, C. J. The Equitable Life Assurrance Society of the United States, appellee, has moved to strike the bill of exceptions incorporated in the record by appellants, Joseph Ravany, administrator, and Elvina Ravany, minor, by H. B. Jamison, guardian ad litem and next friend.

The case was tried before Hon. H. F. Raynolds, in Bernalillo county. The appeal was taken after Judge Raynolds had become a member of this court, and while Hon. M. E. Hickey was the presiding judge of the said district court. Judge Hickey being disqualified in the cause, the Chief Justice of the Supreme Court designated Hon. M. C. Mechem of the Seventh judicial district to settle and sign the bill of exceptions.

The appellee contends that Judge Mechem was neither the judge who tried said cause nor the successor of the judge of said court, and that therefore Judge Mechem was without power to settle and sign the bill of exceptions.

Bills of exceptions are settled and signed under the provisions of section 27, c. 43, Laws 1917. After providing for the filing of the transcribed notes of the stenographer, the section continues:

"And thereupon, either party ＊ ＊ ＊ may give five days' notice ＊ ＊ ＊ of his intention of applying to the judge of the court in which said cause was tried, to have the judge of said court sign, and seal the same in proper form, as a bill of exceptions.

"Upon notice, given as aforesaid, ＊ ＊ ＊ the judge or his successors, shall settle, sign and deliver the said transcript as a bill of exceptions."

The section, it will be observed, uses the words "the judge of the court in which said cause was tried," and not "the judge who tried the cause," or words to that effect.

The statute is so plain that it needs no construction. But notwithstanding the simplicity of the words used and the obviously plain meaning intended thereby, the territorial Supreme Court construed the statute as though only the judge who tried the case, or his successors, were authorized to settle and sign the bill of exceptions. Ross v. Berry, 16 N. M. 778, 120 Pac. 309. In that case Judge Mechem sat as presiding judge in the trial of a case in Colfax county. Mr. Justice Roberts was then the presiding judge of the district in which Colfax county was a part. Judge Roberts settled and signed the bill of exceptions in that case, and the territorial Supreme Court treated the proposition as follows:

"It is a fundamental principle that the bill of exceptions, especially when it includes the evidence in a case, can only be settled by the trial judge who presided at the trial. The reason for this is obvious. A judge who has not heard the evidence could not be in a position to settle a bill of exceptions containing such evidence. It is clear, therefore, that such is the proper and only construction of the words quoted, supra. ＊ ＊ ＊"

The court cited Street v. Smith, 15 N. M. 95, 103 Pac. 644, and Maloney v. Adsit, 175 U. S. 281, 20 Sup. Ct.

115, 44 L. Ed. 163. The first case cited simply held that a transcript, not properly certified by the trial judge, will not be considered. It has nothing to do with bills of exceptions, nor did it determine the proposition for which it was cited. In the United States case a section of the statute of the United States respecting bills of exceptions, providing:

"A bill of exceptions allowed in any cause shall be deemed sufficiently authenticated if signed by the judge of the court in which the cause was tried, or by the presiding judge thereof, if more than one judge sat at the trial of the cause * * *"

—was construed by the court. In that case the court held that only the judge who tried the case was authorized to authenticate the bill of exceptions.

It is not clear, as asserted in the Ross-Berry Case, that only the judge who tried the case is properly circumstanced to settle and sign the bill of exceptions. The bill of exceptions is not settled upon the memory of the trial judge. The certification of the correctness of the transcript by the stenographer is the faith upon which the bill is usually settled. Obviously then a judge who did not try the case is almost, if not fully, as well qualified to settle and sign the bill of exceptions. But these are but proper considerations for the legislative branch of the government. Our statute, if construed in strict accordance with the Maloney-Adsit Case, supra, would not be given full effect, for it uses the word "successors" of the judge and if a "successor" of a judge may settle and sign the bill of exceptions, a person other than the one who actually tried the case may sign them.

We hold that section 27, chapter 43, Laws 1917, authorizes the judge of the district court, or his successor, to settle and sign the bill of exceptions, and therefore overrule the Berry-Ross Case, supra, holding that only the judge who tried the case may settle and sign the same.

JANUARY TERM, 1920.          45

Ravany v. Equit. Etc. Soc., 26 N. M. 41.

The Chief Justice of this court is authorized to designate any judge of the district court to hold court in any district whenever the public business may require. Section 16, art. 6, State Constitution.

The designation of such a judge to hold court or do any other judicial act vests such designated judge with the same power as that possessed by the regular presiding judge of the district in the exercise of those functions. The designated judge is substituted for the regular presiding judge, and for every purpose the designated judge becomes the presiding judge. It follows logically that when Judge Mechem was designated to settle and sign the bill of exceptions in the case at bar he had the same power with respect to that subject as the regular presiding judge of the district would have had, if not disqualified. As the regular presiding judge of the district, under our construction of the statute, would have had power to settle and sign the bill of exceptions, because he was the judge of that court, so did Judge Mechem have such power after his designation by the Chief Justice of this court.

We therefore hold that the bill of exceptions was settled and signed by the judge having the power to settle and sign the same.

The designation order characterized Judge Mechem as the successor of Judge Raynolds. That is entirely immaterial to the merits of this case. He was, of course, not Judge Raynolds' successor, and did not have any power to act as a successor of Judge Raynolds, but obtained his power by the designation of him to settle and sign the bill of exceptions.

The motion to strike out the bill of exceptions will therefore be denied, and it is so ordered.

ROBERTS, J., concurs.

RAYNOLDS, J., being disqualified, did not participate in this decision.