**97 P.2d 661**

**MEDLER v. HENRY.**

**No. 4504.**

Supreme Court of New Mexico.

Dec. 4, 1939.

Barnes & Corey and Marron & Wood, all of Albuquerque, for appellant.

W. A. Keleher and Theo. E. Jones, both of Albuquerque, for appellee.

BICKLEY, Chief Justice.

Appellant seeks a review of a final judgment rendered against her. Appellee has

filed a motion to strike bill of exceptions and affirm the judgment on the ground that appellant failed to observe the requirements of Rule XIII, Sec. 7, Supreme Court Rules, but instead procured the bill of exceptions to be signed by Judge Bryan G. Johnson, who did not try the cause and was not designated either by the Judge who tried the cause or by the Chief Justice to settle and sign the bill of exceptions.

The record discloses that Honorable Thomas J. Mabry, then the resident judge, tried the cause and rendered the final judgment, and thereafter resigned as district judge to become a member of this court. Judge Johnson was appointed to fill the vacancy thus created and immediately assumed the duties of the office. Later Judge Lujan, sitting for Judge Johnson, granted an appeal to this court, and thereafter Judge Johnson, as heretofore noted, settled and signed the bill of exceptions.

The motion for appellants is based upon the proposition that if the bill of exceptions is stricken, there could be no review because all errors assigned and argued are based on the bill of exceptions.

The material part of Rule XIII, Sec. 7, is as follows:

"The judge who tried the cause, or any other district judge by him or by the Chief Justice, by order, designated, or any judge sitting for the trial judge, shall have power to settle, sign and seal the bill of exceptions or case stated, and to extend the time therefor, and for filing transcript in the Supreme Court. Such power may be exercised at any place within the state."

■ We understand the phrase "sitting for the trial judge" means "sitting for the judge who tried the cause."

It is the contention of movant that since the elected or appointed successor in office of the trial judge is not specifically named in the rule, such successor had no authority to act in the matter.

■ Formerly by statute the judge of the district court "or his successor" had authority to settle and sign the bill of exceptions. See Ravany v. Equitable, etc., Soc., 26 N.M. 41, 188 P. 1106. Our present rule was intended as an enlargement of the sources of authority to settle and sign bills of exceptions and not as a restriction thereon.

No reason is suggested as to why an elected or appointed successor to the judge who tried the cause is not as well circumstanced to settle and sign a bill of exceptions as one designated by the Chief Justice or by the district judge who tried the cause. The question is, did we fail to employ language effectuating an enlargement or an equivalent of the old rule so as to embrace the successor of the judge who tried the cause or did we unfortunately employ restrictive words?

When we understand the meaning of the word "for" as employed in the rule, the answer is plain. Having resort to the dictionaries of the English language, we

find many definitions of the word "for". One of the meanings is illustrated by the phrase "in behalf of," and "attorney for plaintiff." Otherwise the word is used as "indicating that in place of which, instead of which, or representing which, * * * in place of"; and again "used to indicate that in connection of which, as being which, or equivalent to which, * * *; as being." See Webster's New International Dictionary, Standard Dictionary, Century Dictionary, Words & Phrases, First Series. In the latter work it is said that agency is sometimes imported and otherwise "in place of or in lieu of" is sometimes the meaning.

The movant's suggestion that the word should be given the meaning "in behalf of," is not sufficiently broad and the other meanings are more appropriate. Movant's preference of definition is illustrated in the following quotation from her reply brief:

"Under this point in her brief appellant contends that Rule XIII, Sec. 7, Supreme Court Rules, and especially the part reading: 'any judge sitting for the trial judge,' means the successor of the trial judge. But obviously no such construction is permissible. Judge Johnson was not sitting for Judge Mabry; he was sitting for himself."

In State ex rel. Hannah v. Armijo, 38 N.M. 73, 28 P.2d 511, 516, we said:

"A change in the personnel of the presiding judge of a court is an eventuality likely to occur during the pendency of causes, through disqualification, death, illness, absence from the state or district, resignation, expiration of tenure, or congestion of litigation, but we have never supposed that such changes affect the rights or remedy of party litigants."

In view of these many suggested contingencies, it seems unlikely that in formulating the rule it was intended to give it the restrictive meaning contended for by movant. In some instances the substituted judge may act for the trial judge in the narrow sense of "on behalf of" because acting "at the request of the judge who tried the cause" but even under such circumstances the judge so acting in response to such request does not act strictly "on behalf of" but "in place of, instead of, as being" the judge who tried the cause.

Surely if the judge were designated by the Chief Justice, the idea of agency or authority emanating from the judge who tried the cause would not be present and such judge designated by the Chief Justice would be acting "instead of, in the place of" the judge who tried the cause. We are unable to see why a successor judge who is designated by the voters at an election or by the Governor to fill a vacancy would not be acting instead of or in place of the judge who tried the cause in the same manner and with equal authority as a judge designated by the Chief Justice.

From all of the foregoing, it appears that the motion should be denied, and it is so ordered.

BRICE, ZINN, and SADLER, JJ., concur.

MABRY, J., did not participate.