570 P.2d 592

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Manuel GUTIERREZ,
Defendant-Appellant.**

No. 11432.

Supreme Court of New Mexico.

Oct. 24, 1977.

Paul B. Rasor, Alamogordo, for defendant-appellant.

Toney Anaya, Atty. Gen., Suzanne Tanner, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

SOSA, Justice.

This case involves the defendant being tried before a jury under § 40A–29–5, N.M. S.A.1953 (Repl.1972), as an habitual offender. The jury found the defendant to be a recidivist and the judge sentenced him to life imprisonment.

During the habitual-offender trial the prosecution offered various proofs, including eye witnesses. One of the witnesses who was called for eye-witness identifica-

tion purposes was Joseph Edwards, the court reporter of the instant proceeding.

Edwards was called to testify that he had also been the court reporter at an earlier trial where the same defendant was tried and convicted of the substantive crime. During his testimony, Edwards was asked to read to the jury portions of the transcript from the earlier proceeding.

The transcript revealed that the defendant had taken the stand at the former trial and on cross-examination, for purposes of impeachment, the prosecution elicited from the defendant that he had been previously convicted of five felonies. No objection was raised by defense counsel to the court reporter's reading the transcript to the jury. However, immediately thereafter, the defendant moved for a mistrial, stating that the court reporter's testimony was highly prejudicial to the defendant.

The judge denied the motion for a mistrial and the defendant appealed, alleging now for the first time that the court reporter should not have been permitted to testify in any proceeding which he was reporting and that permitting such testimony was inherently prejudicial to the defendant and was reversible error.

 The issue of whether or not it was improper for the court reporter to testify against the defendant was not properly preserved, since defense counsel did not raise a timely objection to the court reporter's testimony. This Court will not consider an objection by the appellant raised for the first time in his brief in chief. *State v. Wright,* 38 N.M. 427, 34 P.2d 870 (1934).

Furthermore, the record reveals that the defendant stipulated to allowing the reporter to remain in the courtroom after the rule was invoked excluding witnesses. The defendant may not now complain on appeal that he was prejudiced by testimony which he allowed to be injected into the case. *State v. Sedillo,* 81 N.M. 47, 462 P.2d 632 (Ct.App.1969); *State v. Harrison,* 81 N.M. 324, 466 P.2d 890 (Ct.App.1970).

For the foregoing reasons the judgment of the trial court is affirmed.

McMANUS, C. J., and C. FICHER NEAL, District Judge, concur.