676 P.2d 1353 (1984)
100 N.M. 1353
STATE of New Mexico, Plaintiff-Appellee,
v.
Curtis Jack PAGE, Defendant-Appellant.
No. 7337.
Court of Appeals of New Mexico.
February 9, 1984.
*1354 Janet E. Clow, Chief Public Defender, Susan Gibbs, Asst. Appellate Defender, Santa Fe, for defendant-appellant.
Paul Bardacke, Atty. Gen., Elizabeth Major, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION
DONNELLY, Chief Judge.
Defendant appeals from the judgment and sentence imposed after his conviction of burglary contrary to NMSA 1978, Section 30-16-3(A), following a jury trial. Two issues are presented on appeal: (1) claim of error as to jury instructions; and (2) failure to give credit for presentence confinement. Issues listed in the docketing statement but not briefed are deemed abandoned. State v. Sanchez, 98 N.M. 428, 649 P.2d 496 (Ct.App. 1982).

*1355 Facts

On the night of October 20, 1982, Lupe Page, the ex-wife of defendant, was awakened by noises outside her home near Ruidoso. She testified that defendant kicked in a door to the house and she fired five shots in an attempt to frighten him. Thereafter, defendant said "I've got something for you, too, you bitch," and entered the house and fired three shots at her. In the exchange of shots neither defendant nor his ex-wife injured the other.
Richard Portillo, a companion of defendant, testified that he had been with defendant during the afternoon of the same day, and had accompanied him when they drove to the home of defendant's ex-wife. Portillo testified that he did not see defendant drink or take any drugs, but that he (Portillo) was drunk when they arrived at Mrs. Page's residence. He stated that he waited in the car and did not know what occurred after defendant left the car to go to the house. Portillo testified that after defendant returned, he and defendant drove to defendant's house and then they drove around. He stated that they stopped once along the highway and defendant got out of the car, but that Portillo did not see what defendant did. Portillo stated he did not see defendant dispose of a pistol.
Defendant testified that earlier on the day of the incident he was suffering from back pain, and had been drinking and smoking marijuana. He also stated he had taken a number of pain pills, and that he was unable to remember anything else that occurred later that day and night.
At trial during the conference on jury instructions, defendant tendered a requested jury instruction on the defense of insanity under NMSA 1978, UJI Crim. 41.00 (Repl.Pamp. 1982). Defendant also requested the court to submit a verdict form allowing the jury to find him not guilty by reason of insanity. The State objected to the proposed instruction and verdict form and the court sustained the objection. The court, however, did give defendant's requested jury instruction pursuant to NMSA 1978, UJI Crim. 41.11 (Repl.Pamp. 1982), regarding defendant's ability or inability to form the requisite intent to commit burglary, due to either intoxication or mental disease or disorder. The jury was also instructed that they could return one of three possible verdicts on the charge of burglary: (1) innocent; (2) guilty, or (3) "guilty but mentally ill", pursuant to NMSA 1978, UJI Crim. 41.02 (Repl.Pamp. 1982).
Following deliberation, the jury returned a verdict finding the defendant was "guilty but mentally ill" at the time of the commission of the offense of burglary. On appeal, defendant raises no issue concerning his competency at the time of trial.

I. Claim of Error in Instructions

Defendant argues that the jury instructions given by the court concerning the defense of insanity were fundamentally unfair and amounted to a constitutional denial of due process. Specifically, defendant asserts that it was error for the trial court to instruct the jury under UJI Crim. 41.02 as to a possible verdict of "guilty but mentally ill," without also instructing the jury under UJI Crim. 41.00 on the basic defense of insanity. Defendant contends that at arraignment he entered a plea of not guilty, and that the alternative verdict of "guilty but mentally ill" may be submitted to the jury only when the defendant has asserted the defense of insanity. Defendant further argues that the submission of an instruction advising the jury that they could return a verdict of "guilty but mentally ill" was confusing because the jury was not also given definitional instructions as to the meaning of "sanity" or "insanity."
The Legislature in 1982 adopted legislation authorizing the fact finder in criminal trials to enter a verdict of "guilty but mentally ill." See Stelzner & Piatt, The Guilty But Mentally Ill Verdict and Plea in New Mexico, 13 N.M.L.Rev. 99 (1983).
NMSA 1978, Section 31-9-3 (Cum.Supp. 1983) provides in part:
A. A person who at the time of the commission of a criminal offense was not insane but was suffering from a mental *1356 illness is not relieved of criminal responsibility for his conduct and may be found guilty but mentally ill * * *.
B. A plea or finding of guilty but mentally ill is not an affirmative defense but an alternative plea or finding that may be accepted or made pursuant to appropriate evidence when the affirmative defense of insanity is raised or the plea of guilty but mentally ill is made.
* * * * * *
E. When a defendant has asserted a defense of insanity, the court, where warranted by the evidence, shall provide the jury with a special verdict form of guilty but mentally ill and shall separately instruct the jury that a verdict of guilty but mentally ill may be returned instead of a verdict of guilty or not guilty, and that such a verdict requires a finding by the jury beyond a reasonable doubt that the defendant committed the offense charged and that the defendant was not legally insane at the time of the commission of the offense but that he was mentally ill at that time.
Following the enactment of Section 31-9-3, the New Mexico Supreme Court in 1982, adopted an approved jury instruction, UJI Crim. 41.02, authorizing the submission in appropriate cases a jury instruction for a finding of "guilty but mentally ill."
Although Section 31-9-3 specifies that the instruction on "guilty but mentally ill" shall be given when a defendant has asserted the defense of insanity, we do not interpret the statute to preclude a trial court from giving such instruction where the defendant has not pleaded the defense of insanity, but has requested a jury instruction as to his inability to form a requisite intent to commit a criminal offense. UJI Crim. 41.11. The supreme court in approving UJI 41.02 has broadened the instances wherein the instruction as to "guilty but mentally ill" may be given, including instances where a defendant has asserted the defense of an inability to form a specific intent to create the crime charged because of (1) intoxication from use of drugs; or alcohol, or (2) where he was suffering from a mental disease or disorder. Our interpretation is supported by the Use Note to UJI Crim. 41.02, which specifies that "[t]his instruction [guilty but mentally ill] may only be given when Instruction 41.00 [insanity defense] has been given or * * * Instruction 41.11 [inability to form intent to do a further act] has been given because of evidence of a mental disease or disorder." [Emphasis added.]
We interpret UJI Crim. 41.02 to expressly permit the usage of the instruction when defendant has not raised the defense of insanity, but has requested a defense instruction under UJI Crim. 41.11. In the instant case the trial court gave UJI Crim. 41.11 at the request of the defendant, together with UJI Crim. 41.02.
The committee commentary to UJI Crim. 41.02, further supports the actions of the trial court herein. This commentary provides:
Instruction 41.02 was prepared subsequent to the enactment of Section 31-9-3 NMSA 1978 which provides for a finding of "guilty but mentally ill." Section 31-9-3 NMSA 1978 provides that a finding of "guilty but mentally ill" may be made only in a case in which the insanity of the defendant is in issue. The committee believed that this instruction should also be given if the jury has been presented an instruction on inability to form a deliberate or specific intent to commit an offense. In either case, the notice requirements of Rule 35 of the Rules of Criminal Procedure for the District Courts must have been followed.
[Emphasis added.]
Under the circumstances herein, considering all of the instructions given by the trial court as a whole, the instructions adequately instructed the jury on the proper issues involved, and were not confusing as to their import. See State v. Rhea, 86 N.M. 291, 523 P.2d 26 (Ct.App.), cert. denied, 86 N.M. 281, 523 P.2d 16 (1974).
Defendant has failed to show any prejudice resulting from the submission of UJI Crim. 41.02 to the jury, or from the trial court's refusal to give his tendered *1357 instruction, UJI Crim. 41.00, as to the defense of insanity. Moreover, defendant did not comply with the notice provisions of NMSA 1978, Crim.P.R. 35 (Cum.Supp. 1983), concerning the time requirements to assert the defense of insanity. Defendant did not give timely notice of his intention to assert the defense of insanity and did not establish the existence of evidence to show any abuse of discretion in refusing to permit submission of the defense of insanity. See State v. Young, 91 N.M. 647, 579 P.2d 179 (Ct.App.), cert. denied, 91 N.M. 751, 580 P.2d 972 (1978).
Additionally, defendant failed to properly preserve an error as to the instructions which were in fact given by the trial court. See NMSA 1978, Crim., Child. Ct., Dom.Rel. & W/C App.R. 308 (Repl. Pamp. 1983); see also State v. Garcia, 99 N.M. 771, 664 P.2d 969 (1983). Examination of the record indicates UJI 41.02 was not tendered by the State. We assume, but do not decide, the instruction was tendered by defendant. Defendant did not voice any objection to the giving of UJI 41.02. During the settlement conference on jury instructions, defense counsel objected to the court's refusal to give an instruction on the defense of insanity (UJI Crim. 41.00), but stated "other than that, the instructions are fine."
Defendant attempts to attack the submission of the instruction under UJI Crim. 41.02 for the first time on appeal. Defendant contends the giving of this instruction without also giving UJI Crim. 41.00 constitutes prejudicial error. We disagree. Defendant's argument is refuted by the use notes and committee comments approved by the supreme court under UJI Crim. 41.02, as well as by our review of the record.
The trial court did not err in giving the jury instructions utilized below, or in denying defendant's requested jury instruction as to the defense of insanity under UJI Crim. 41.00; nor was defendant denied a fair trial.

II. Presentence Confinement Credit

Defendant was sentenced to eighteen months imprisonment in the penitentiary and was given credit for 91 days pre-sentence confinement served in the Lincoln County jail. At the sentencing hearing defense counsel argued that defendant had been in custody for approximately eight months, and that he had been released on bail nine days prior to trial. Defense counsel also stated that defendant had been in custody in the Chaves County Jail and had spent three months at the Forensic Unit at the State Hospital prior to being transferred to the Lincoln County Jail.
At the time of sentencing, the trial court noted that he believed defendant had been incarcerated in Chaves County on other charges different from the charges involved in Lincoln County. Defense counsel responded that defendant had initially been found incompetent to stand trial while incarcerated in Chaves County and that a similar order was supposed to have been later filed in Lincoln County. On appeal, defendant contends that the trial court erred in failing to grant proper preconfinement credit for time spent in the State Hospital in the instant case.
Examination of the record indicates that a criminal complaint was originally filed against defendant on October 28, 1982, in the magistrate court of Lincoln County. Defendant was bound over for trial in the district court on November 1, 1982, in Lincoln County. Defendant states in his Brief-in-Chief that on November 3, 1982, a criminal information charging him with fraud was filed against him in Chaves County in another proceeding. He also states that on November 12, 1982, the district court in Chaves County ordered a psychiatric evaluation. Thereafter, a similar order was directed to be entered by the district court in Lincoln County.
On April 13, 1983, a hearing to determine defendant's competency to stand trial was held in the Lincoln County District Court. Defendant did not appear at the hearing and was still at the State Hospital. The prosecutor informed the trial court that defendant had been found incompetent to stand trial on pending charges in Chaves County. Counsel in the instant case stipulated *1358 that based upon the fact that defendant had been determined to be incompetent to stand trial in Chaves County, an order should also be entered finding defendant incompetent to stand trial on the charges herein. The trial court orally approved the stipulation and directed that an order be prepared and dated the same date as the Chaves County district court order. The record on appeal does not reflect any order as having ever been entered. Nor does the record indicate when or if defendant was finally adjudged competent to stand trial.
The trial court's oral ruling as to defendant's alleged incompetency for a period of time was not legally effective as to the proceedings herein. Unless written, an oral ruling is merely evidence of what the trial court intends to do. State v. Morris, 69 N.M. 89, 364 P.2d 348 (1961); see also State v. Sanders, 96 N.M. 138, 628 P.2d 1134 (Ct.App. 1981); State v. Atencio, 85 N.M. 484, 513 P.2d 1266 (Ct.App. 1973). Thus, defendant is presumed competent to stand trial. See State v. Chapman, Ct.App. No. 7299 (Filed November 23, 1983), cert. granted.
Defendant was arraigned on the charges in Lincoln County on May 11, 1983 and released from custody on bond. Defendant was tried in Lincoln County on May 25-26, 1983. Following defendant's conviction in Lincoln County he requested at his sentencing hearing that he be given credit for presentence confinement, including time spent in the Lincoln and Chaves County jails, and at the State Forensic Hospital. The trial court allowed defendant 91 days presentence confinement credit but denied defendant's other claims for presentence confinement credit.
NMSA 1978, Section 31-20-12 (Repl. Pamp. 1981), provides: "A person held in official confinement on suspicion or charges of the commission of a felony shall, upon conviction * * * be given credit for the period spent in presentence confinement against any sentence finally imposed for that offense."
Section 31-20-12 does not authorize presentence confinement credit unless the confinement was in connection with the offense charged. If, however, the defendant is held in confinement prior to trial or sentencing, simultaneously on two or more charges, presentence confinement credit should be given. See State v. Ramzy, 98 N.M. 436, 649 P.2d 504 (Ct.App. 1982) (to be entitled to presentence confinement credit, it is not necessary that the confinement be exclusively related to the charges in question). The determinative issue is whether the basis for defendant's confinement is actually related to the charge upon which his conviction is based. Id. A defendant is also entitled to credit for official presentence confinement at the State Hospital during pendency of criminal charges in that case. State v. LaBadie, 87 N.M. 391, 534 P.2d 483 (Ct.App. 1975).
Under NMSA 1978, Crim.P.R. 57.1 (Repl.Pamp. 1980), the district court may modify a sentence within thirty days after the sentence is imposed, or within thirty days after receipt by the trial court of a mandate affirming the judgment or dismissing the appeal, or within thirty days after entry of an order of the appellate court denying review of or upholding a judgment of conviction. See State v. Sisneros, 98 N.M. 279, 648 P.2d 318 (Ct. App. 1981). But see State v. Crespin, 96 N.M. 640, 633 P.2d 1238 (Ct.App. 1981) (holding after imposition of a valid sentence court may not increase penalty). A claim for presentence confinement credit may be pursued even after the time expires for an appeal. Crim.P.R. 57.1.
The record on appeal does not indicate the period defendant was confined at the State Hospital. Nor does the record reflect how long defendant was confined in either Chaves or Lincoln Counties on pending charges and following his release from the State Hospital. The record also is silent as to the basis for computing the 91-day period of presentence confinement in Lincoln County.
Because the parties stipulated, with court approval, that an order should be entered finding defendant incompetent to stand trial as of the date a purported order of incompetency was entered in Chaves *1359 County, defendant would be entitled to presentence confinement credit during the period he was in custody at the State Hospital. The record, however, does not indicate the time periods defendant was held in custody on the Lincoln County charges or the specific periods for which he was incarcerated on the pending Chaves County charges.
Under Section 31-20-12, both the prosecution and defense have the duty to apprise the trial court at sentencing of any facts within their knowledge bearing upon the amount of presentence confinement to which defendant is entitled, however, the burden is upon defendant to indicate in the record the basis for any claim of presentence confinement.
Defendant's conviction is affirmed. Since defendant's claim of presentence confinement is affected by a factual determination of whether he was found incompetent to stand trial for a period of time, and if so, the actual time period thereof, this cause is remanded for the trial court's determination thereon, and for entry of an amended judgment and sentence. On remand, a further hearing should be held to allow the parties to present in the record, facts bearing upon the amount of time, if any, to which defendant should be entitled to presentence confinement credit, and for modification of his sentence for presentence confinement credit consistent herewith.
The motion pending before this court to amend the docketing statement to include the sentencing issue, is disposed of by our ruling herein.
IT IS SO ORDERED.
NEAL and ALARID, JJ., concur.